UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Steve Nesbit,                                                    Case No.  3:15-cr-52

              Petitioner- Defendant,

    v.                                                    MEMORANDUM OPINION
                                                        AND ORDER

United States of America,


              Respondent-Plaintiff.


Petitioner Steve Nesbit filed an application for relief under 28 U.S.C. § 2255, arguing his

sentence should be vacated because his attorney was constitutionally ineffective.  (Doc. No. 81).

Nesbit also has filed three motions for the production of the transcript from his sentencing hearing,

(Doc. No. 82, 85, and 87), a motion for the production of grand jury transcripts, (Doc. No. 91), and

a motion for leave to file a second amended reply in support of his § 2255 application.  (Doc. No.

92).  The government opposes Nesbit's application and his subsequent motions.

## I.     BACKGROUND

On February 4, 2015, Nesbit was indicted on one count of receiving and distributing child

pornography in violation of 18 U.S.C. § 2252(a)(2), ("Count 1"), and one count of possessing child

pornography in violation of 18 U.S.C. § 2252(a)(4)(B), ("Count 2").  (Doc. No. 1).  The indictment

charged that Nesbit's conduct spanned a period of approximately 11 years, from 2002 until April

2013.  (*Id.*).

Approximately one month before the scheduled trial date, Nesbit's court-appointed attorney moved to withdraw, citing a breakdown in communication.  (Doc. No. 25).  Nesbit appeared in person for a pretrial conference and both he and his attorney agreed to proceed and to withdraw the motion to withdraw as counsel.  (Doc. No. 26).

On January 21, 2016, Nesbit entered a guilty plea to Counts 1 and 2 before Magistrate Judge James R. Knepp, II.  I subsequently adopted Judge Knepp's Report and Recommendation and adopted Nesbit's plea of guilty.  (Doc. No. 45).

Shortly before his scheduled sentencing hearing, Nesbit filed a motion to withdraw his guilty plea and for appointment of a new attorney.  (Doc. No. 50).  He alleged he pled guilty only because his attorney told him his attorney "could get [Nesbit] out and get [Nesbit] points for something." (*Id.* at 1).  Nesbit also asserted he needed a psychiatric examination and counseling.  (*Id.* at 2).

I appointed new counsel but delayed ruling on the remainder of Nesbit's motion to allow him time to consult with his newly-appointed attorney.  Several weeks later, Nesbit agreed to withdraw his motion to withdraw his guilty plea and stated his desire to proceed to sentencing "as soon as possible."  (Doc. No. 54-1 at 1).  I then instructed the parties to file their objections to the first disclosure of the presentence report ("PSR") and to file their sentencing memoranda within seven days after the filing of the final PSR.  (Doc. No. 55).  New counsel submitted objections to the writer of the PSR and filed a sentencing memorandum under seal.  (*See* Doc. No. 62).

On Count 1, Nesbit faced a minimum of 5 years, and a maximum of 20 years, in prison, while Count 2 carried a maximum sentence of 10 years.  (Doc. No. 69 at 1).  Based upon Nesbit's total offense level of 34, and his criminal history category of I, Nesbit's Guideline range was 151 months to 188 months in prison, along with a supervised release term of 5 years to life.  (*Id.* at 23).

On September 7, 2016, I held a sentencing hearing at which the parties presented arguments. I granted the government's motion to dismiss Count 2 prior to sentencing.  I then sentenced Nesbit

to 96 months in prison and 15 years on supervised release as to Count 1.  I also ordered Nesbit to

pay restitution in the amount of $2,500.  (Doc. No. 79).  Nesbit did not appeal his sentence.

Subsequently, Nesbit filed a timely § 2255 application to vacate his sentence.  He asserts his

attorney was constitutionally ineffective in failing to (1) "adequately argue in favor of sentencing

[mitigation] and a mandatory minimum 60 month sentence," (2) "adequately challenge the Court's

15-year term of supervised release," and (3) "adequately object to PSR submissions and to include

such objections in Nesbit's sentencing memorandum and during oral argument at sentencing."

(Doc. No. 90 at 2).  He also asserts Chief Justice John G. Robert's dissent in *Sessions v. Dimaya*, 138

S.Ct. 1204 (2018), requires that I vacated his sentence, and that my imposition of restitution was

unreasonable and improper.  (*Id.*).  He claims he needs a copy of the transcript from his sentencing

hearing to more fully develop these issues.

## II.    ANALYSIS

### A.    MOTION FOR LEAVE

Nesbit has filed a motion for leave to exceed the page limitations set by the Local Civil Rules

in order to file a "second amended / supplemental verified reply in support of [his] motion to

vacate."  (Doc. No. 92).  He previously filed a motion to amend his reply brief, along with a copy of

the proposed amended reply.  (Doc. No. 88; Doc. No. 88-1).  I granted that motion and authorized

the filing of the amended reply.  (Doc. No. 89).  Nesbit attempts to construe my earlier order,

entered over three months before he filed his motion for leave, as also granting him authorization to

file a second amended reply.  (Doc. No. 92-1 at 2).

Nesbit fails to establish good cause for leave to exceed the page limitations or to file a

second amended reply within the page limitations.  *See* L.R. 7.1(f).  Though he offers an expanded

list of "issues for consideration," (Doc. No. 92-1 at 2), Nesbit presented arguments in support of

each of these issues in his first amended reply brief.  (*See* Doc. No. 90).  His perfunctory assertion

3

that "he has determined that all pages [in the second amended reply brief] are necessary in order to provide the Court with a proper presentation of his case contents and arguments" fails to justify his untimely and largely-duplicative filing.  I deny Nesbit's motion for leave.

### B.  MOTIONS FOR TRANSCRIPTS

Nesbit seeks copies of transcripts from the grand jury proceedings in which he was indicted and from his plea and sentencing hearings.  (Doc. No. 82, 85, 87, and 91).  An indigent defendant is entitled to a free copy of a transcript if the defendant can show "his claim is not frivolous and that the transcript is needed to decide the issue presented in his case."  *United States v. Fleming*, 178 F.3d 1297 (Table), 1999 WL 107956, at *1 (6th Cir. Feb. 9, 1999) (citing 28 U.S.C. § 753(f)). A claim is frivolous "when it lacks an arguable or rational basis in law or fact."  *Payne v. Jennings*, 194 F.3d 1313 (Table), 1999 WL 801585, at *1 (6th Cir. Sept. 27, 1999) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).

Nesbit claims to need a copy of the grand jury transcript to evaluate one of the "central issue[s]" in his § 2255 proceeding – "whether the Grand Jury was improperly instructed as to the requisite mens rea necessary for Nesbit to be properly charged with a distribution offense."  (Doc. No. 91 at 1).  He accuses the government of misleading the grand jurors by providing an incorrect mens-rea instruction.  (*Id*.).  Nesbit offers no reason to think any misconduct actually occurred during grand jury proceedings.

Nor are the grand jury proceedings relevant to this proceeding.  Nesbit pled guilty to the counts charged in the indictment.  *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").  Therefore, he admitted he acted with the necessary intent to establish he distributed child pornography in violation of § 2252(a)(2) and may not attempt to circumvent his guilty plea by attacking the grand jury proceedings.  *See Tollett*

4

*v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). I deny Nesbit's motion for production of the grand jury transcripts. (Doc. No. 91).

He also fails to satisfy the requirements of § 753(f) with respect to his plea and sentencing transcripts.[1] Section 753 requires Nesbit to demonstrate "a particularized need" for the transcripts, as he does not have a constitutional right to a free transcript in a § 2255 proceeding or a right to a free transcript "for exploratory use." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).

Nesbit provides two reasons why he believes he is entitled to the transcripts. First, he offers the generic argument that he requires the transcripts from both hearings "to properly and thoroughly prepare and file his Legal Memorandum in support of his § 2255 Motion." (Doc. No. 82 at 1). This argument falls far short of identifying a "particularized need."

Second, he claims to need his sentencing transcript "to determine the Court's rationale for [the] departure" from the Sentencing Guidelines range, in order to support his arguments that his attorney was constitutionally ineffective for failing to secure an even greater departure. (Doc. No. 85 at 1). This argument also is not persuasive because, as I discuss in greater detail below, Nesbit fails to show this claim is not frivolous. *See Payne*, 1999 WL 801585, at *1.

Therefore, I conclude Nesbit fails to satisfy the requirements of § 753(f) and deny his motions for free transcripts of the grand jury, plea, and sentencing proceedings.

---

[1] Nesbit does not provide any details in any of his briefing regarding why he requests a copy of the transcript from his change of plea hearing. In view of his later-withdrawn motion to withdraw his guilty plea, (Doc. No. 50), it seems likely he desires to search from some purported infirmity to use in bringing an ineffective-assistance claim against both attorneys for advising him to plead guilty.

### C.    SECTION 2255 APPLICATION

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  A § 2255 application is not a substitute for a direct criminal appeal. *See, e.g., Reed v. Farley*, 512 U.S. 339, 353-54 (1994); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003).

### A.    INEFFECTIVE ASSISTANCE OF COUNSEL

Nesbit claims his constitutional right to the effective assistance of counsel was violated by his attorney's alleged failure to "adequately argue in favor of sentencing mitigations and a mandatory minimum [60-month] sentence[,] . . . adequately challenge the Court's 15-year term of supervised release[,] . . . [and] to adequately object to PSR submissions and to include such objections in Nesbit's sentencing memorandum and during oral argument at sentencing."  (Doc. No. 90 at 2).

An ineffective assistance of counsel claim requires proof the petitioner's attorney provided deficient representation and that the attorney's deficient performance caused the petitioner to suffer prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's performance may be found to be deficient if it is "objectively unreasonable under prevailing professional norms."  *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (citing *Strickland*, 466 U.S. at 688).  In order to establish prejudice, a defendant must show "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  *Hodges*, 727 F.3d at 534 (citing *Strickland*, 466 U.S. at 694).  Nesbit fails to establish either prong of the *Strickland* test.

As an initial matter, Nesbit faces a tall task in attempting to prove his below-Guideline-range sentence was unreasonable.  While a defendant may show his sentence was substantively unreasonable if it was imposed arbitrarily or as a result of unreasonable weight on a pertinent factor, or was based on impermissible factors, a sentence falling within the Guidelines range is entitled to a

"rebuttable presumption that it is substantively reasonable." *United States v. Henry*, 569 F. App'x 372, 377 (6th Cir. 2014) (citing *United States v. Adkins*, 729 F.3d 559, 563-64 (6th Cir. 2013)).  A defendant challenging a below-Guidelines sentence bears "a heavy, even more demanding burden." *Henry*, 569 F. App'x at 378 (citing *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013)).

First, Nesbit claims his attorney improperly failed to retain a psychiatric expert who could examine him and provide a report in support of a mandatory-minimum sentence.  (Doc. No. 90 at 4-7).  Nesbit's attorney is entitled to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Nesbit fails to acknowledge he authorized his attorney to withdraw his request for a psychiatric exam.  (Doc. No. 54-1).  Moreover, Nesbit does not allege he has a mental health condition which conceivably could reduce his culpability for his conduct.  Nesbit's citations to various cases in which defendants presented expert testimony and received lower sentences than Nesbit do not equate to a showing that his counsel failed to provide reasonable assistance.  (*See* Doc. No. 90 at 4-6).  Nesbit fails to identify any basis to conclude a psychological assessment would have revealed any characteristics that plausibly may have weighed in favor of a more lenient sentence.  *See United States v. Cunningham*, 669 F.3d 723, 734 (6th Cir. 2012).

Relatedly, Nesbit takes issues with his attorney's decision not to present character witnesses or mitigation evidence in support of a greater departure from his Guideline range.  (Doc. No. 90 at 7, 11).  He does not explain what these potential witnesses would have said if called to testify, nor does he assert that he in fact requested that counsel call these witnesses to testify during the sentencing hearing.

Even if I assume Nesbit provided this information to his attorney, he cannot meet the *Strickland* standard.  Prior to the sentencing hearing, Nesbit's attorney pointed to Nesbit's "lack of prior convictions, . . . regular employment, close family ties, and financial responsibility" in support

of his argument that I should impose the 60-month mandatory minimum sentence.  (Doc. No. 74 at 2).  Nesbit fails to establish that counsel's failure to call these potential witnesses was an unreasonable strategic decision or that the witnesses would not have offered testimony that was "merely cumulative" to what already was presented.  *Clark v. Mitchell*, 425 F.3d 270, 286 (6th Cir. 2005); *see also Dattilio v. United States*, No. 4:08CR00077, 2014 WL 5824771, *7 (N.D. Ohio Nov. 10, 2014) (rejecting defendant's ineffective-assistance argument because defendant failed to demonstrate additional character witnesses would have "contributed information that was not already known to the Court . . . [or] that [the] information would have affected the Court's decision").

Next, Nesbit claims his attorney provided deficient representation in failing to obtain a supervised-release term of less than 15 years.  Nesbit's sentencing range for his supervised-release term was five years to life.  The Sixth Circuit has held that the combination of 18 U.S.C. § 3583(k) and the policy statement contained in U.S.S.G. § 5D1.2(b) make clear that "Congress and the Sentencing Commission intend to impose life terms of supervised release on sex offenders."  *United States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007) (quoting *United States v. Allison*, 447 F.3d 402, 405 (5th Cir. 2006)).

Nesbit's lengthy quotation of *United States v. Apodaca*, a case from the D.C. Circuit, offers no help.  As Nesbit notes, that case discussed sentences for "possession-only" child pornography offenses.  (Doc. No. 90 at 7-9).  Nesbit, by contrast, was convicted of receiving and distributing child pornography.  He fails to show his attorney was ineffective because counsel failed to secure for Nesbit a term of supervised release consistent with sentences entered by other courts for offenses other than the one for which Nesbit was sentenced.

Finally, Nesbit asserts his attorney provided ineffective assistance by failing to: (1) cite to cases in which courts discussed their dissatisfaction with the 5-year mandatory minimum sentence for violations of § 2252(a); (2) attempt to exclude testimony from a woman who accused Nesbit of

sexually assaulting her in the late 1980s, as prohibited "bad acts" evidence; (3) object to the dismissal of Count 2; (4) cite to cases with "nearly identical" facts in which courts imposed the mandatory minimum sentence; (5) object to the imposition of certain supervised release conditions; and (6) cite to law review articles criticizing the Sentencing Guidelines for leading to similar sentences in "downloading and physical contact cases."  (Doc. No. 90 at 9-10).  Nesbit's arguments fall short.

I will address Nesbit's three "citation" arguments together.  In each, Nesbit attacks the policies underlying the Sentencing Guidelines.  Nesbit's attorney, however, comprehensively presented this line of argument, arguing many courts view defendants, like Nesbit, who received and distributed child pornography through peer-to-peer software as less culpable, and citing to a case in which one of my colleagues in the Northern District of Ohio imposed the five-year mandatory minimum sentence.  (Doc. No. 74 at 1-2).  Counsel also objected to the 15-level increase in Nesbit's offense level following the application of certain enhancements which are applied in the vast majority of child pornography cases.  (Doc. No. 69 at 27-28).  Moreover, "this kind of policy disagreement . . . is not sufficient by itself to demonstrate the district court abused its discretion by arbitrarily selecting his sentence."  *United States v. Souders*, 747 F. App'x 269, 274 (6th Cir. 2018).

Nor was counsel ineffective in failing to exclude witness testimony during the sentencing hearing.  Any "bad acts" objection would have been unsuccessful, as the Federal Rules of Evidence do not apply during sentencing proceedings.  *United States v. Nguyen*, 19 F. App'x 282, 288 (6th Cir. 2001) (citing Fed. R. Evid. 1101(d)(3)).  Further, Nesbit offers no basis for his claim that his attorney was "blindsided" by the witness's testimony.  (Doc. No. 90 at 10).  A summary of the incident was included in the PSR and Nesbit's attorney highlighted the fact that Nesbit was never charged in connection with the alleged incident and stated, before the witness testified, that Nesbit fully denied the witness's allegations.

Nesbit's arguments about the dismissal of Count 2 at the sentencing hearing fare no better. The statutory maximum sentence for Count 2 – 120 months – is greater than the 96-month sentence Nesbit received.  Further, Nesbit already had pled guilty to both Counts 1 and 2.  He offers no reason to think his attorney might have achieved anything by objecting to the dismissal of Count 2, much less that counsel's decision not to object was unreasonable.

Lastly, Nesbit's complaints about the imposition of certain supervised-release conditions also lack merit.  He mischaracterizes the conditions limiting his use of computers and cameras.  (Doc. No. 90 at 10).  He claims he is not allowed to use a computer or camera and that this is "overreaching."  (*Id.* at 9).  Nesbit, however, is not prohibited from using a computer or a camera following his release from prison; he simply must obtain prior written approval from his probation officer.  (Doc. No. 80 at 4).

Nesbit also fails to offer a plausible basis for his complaints about the requirements that he register as a sex offender and subsequently maintain that registration.  *See* 34 U.S.C. § 20911(1) ("The term 'sex offender' means an individual who was convicted of a sex offense."); 34 U.S.C. § 20913(a) ("A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."). Section 3583 mandates that a court order, "as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act."  18 U.S.C. § 3583(d).  Nesbit fails to show I "overreached" by imposing these statutorily-mandated requirements.

Nesbit has not satisfied his "heavy, even more demanding burden" of proving his below-Guidelines range sentence was substantively unreasonable, *Henry*, 569 F. App'x at 378, or that his attorney's conduct falls outside "the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.  Nesbit's arguments that his attorney was constitutionally ineffective lack any

arguable basis in law or fact and, consequently, those arguments are frivolous. *Payne*, 1999 WL 801585, at *1.

### B.    DUE PROCESS

Nesbit next contends his conviction should be vacated in light of the Supreme Court's holding in *Sessions v. Dimaya*.   In that case, the Supreme Court ruled a statutory definition of the term "crime of violence" as incorporated into the Immigration and Nationality Act was impermissibly vague and therefore violated the defendant's due-process rights. *Session v. Dimaya*, 138 S.Ct. 1204, 1210 (2018).  Nesbit seizes on Chief Justice Robert's dissent – in which the Chief Justice argues the Court's decision may implicate the interpretation of other federal statutes – to argue that § 2252(a)(2) did not provide him with "appropriate notice of what constitutes receipt and distribution" of child pornography and that, under *Dimaya*, § 2252(a)(2) is void for vagueness and I must vacate his conviction.  (Doc. No. 90 at 12).

Nesbit's analytical leaps cannot sustain their own weight.  None of the opinions in *Dimaya* make any reference to the terms "receipt" or "distribution."  Undefined statutory terms are given their plain and ordinary meaning. *See, e.g., Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454 (2012). Receive means "to come into possession of."  Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/receive, last accessed 6/8/2020.  Distribute means "to give out or deliver[,] especially to members of a group."  Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/distribute, last accessed 6/8/2020.  Nesbit's claim that these terms are unconstitutionally vague lacks merit.

Nor does *United States v. X-Citement Video, Inc.*, 982 F.2d 1285 (9th Cir. 1992), help Nesbit's argument.  (Doc. No. 90 at 12-13).  As he acknowledges, the Supreme Court reversed the Ninth Circuit's holding that § 2252 was unconstitutional. *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994).  Moreover, that case dealt with whether the statute required a defendant to know the

sexually-explicit material involved minors, and not the meaning of the terms "receive" and "distribute." *Id.* The Ninth Circuit's vacated decision, whether on its own or when viewed in combination with Chief Justice Robert's dissent in *Dimaya*, casts no doubt on the validity of § 2252.

The Constitution requires that, in order to satisfy due process, a criminal statute must "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). Section 2252 does so.

### C.   RESTITUTION

Finally, Nesbit argues my imposition of restitution was unreasonable and improper because I failed to establish "a nexus between [Nesbit's] offensive conduct and proximate cause . . . ." (Doc. No. 90 at 13). A defendant generally may not challenge his sentence for the first time in a § 2255 motion. *See, e.g., Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996). Nesbit offers no basis to bring his restitution claim – which challenges part of the sentence entered following his conviction, (Doc. No. 80) – out from this general rule. Therefore, I deny his § 2255 application on that ground.

## III.   CONCLUSION

For these reasons, I deny Nesbit's § 2255 application, (Doc. No. 81), his motions for the production of the transcript from his sentencing hearing, (Doc. No. 82, 85, and 87), his motion for the production of grand jury transcripts, (Doc. No. 91), and his motion for leave to file a second amended reply in support of his § 2255 application. (Doc. No. 92).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge