UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:15-cr-52

             Plaintiff,

     v.                                                MEMORANDUM OPINION
                                                           AND ORDER

Steve Nesbit,

             Defendant.

## I.     INTRODUCTION AND BACKGROUND

Defendant Steve Nesbit, an inmate at Federal Correctional Institution – Milan in Milan, Michigan, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or to be placed on home confinement for the remainder of his sentence. (Doc. No. 105). The government filed a brief in opposition to Nesbit's motion, (Doc. No. 106), and Nesbit filed a brief in reply. (Doc. No. 107).

On February 4, 2015, Nesbit was indicted on one count of receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), ("Count 1"), and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), ("Count 2"). (Doc. No. 1). He eventually pled guilty to both counts, and the government moved to dismiss Count 2 prior to sentencing. Nesbit's Guideline range was calculated at 151 months to 188 months in prison, along with a supervised release term of 5 years to life. I subsequently sentenced Nesbit to 96 months in prison and a supervised release term of 15 years. Nesbit did not appeal.

Nesbit filed a *pro se* motion for compassionate release under the First Step Act of 2018 on May 11, 2020. (Doc. No. 94). A few days later, now represented by the Federal Public Defender's Office, he filed an amended motion. (Doc. No. 98). I dismissed both motions without prejudice because Nesbit had not complied with the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 102).

Nesbit requested release through the Office of the Warden at FCI Milan, but his request was denied. (Doc. No. 105-4). He now seeks an order reducing his sentence to time served or placing him on home confinement for the remainder of his term of imprisonment. (Doc. No. 105). He contends he has two underlying medical conditions which place him at an increased risk of serious complications if he becomes infected with Covid-19.

The government does not dispute Nesbit's medical conditions place him at higher risk but argues Nesbit fails to demonstrate he would not be a danger to the community if he is released or that a further-reduced sentence would comply with the § 3553(a) factors.

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Nesbit has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his most recent motion.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Nesbit asserts his increased risk of serious complications if he is infected with Covid-19, due to his pre-existing medical conditions of COPD and severe obesity, combined with the conditions at, and spread of Covid-19 within, FCI Milan, constitute extraordinary and compelling reasons to justify compassionate release. (Doc. No. 105 at 3-5).

Even if I assume this is sufficient for Nesbit to meet his burden of showing extraordinary and compelling reasons, however, he fails to show a sentence reduction would be consistent with § 3553(a). While he asserts he successfully completed "education and work programs," Nesbit does not explain how these programs would or should alter my analysis under § 3553(a). (*Id.* at 7). Instead, his arguments focus almost exclusively on the increased risk to his health from Covid-19. (*See, e.g.,* Doc. No. 107 at 4 ("Continuing a sentence of incarceration where conditions now increase his risk of coronavirus infection and severe illness because of his underlying medical conditions is a sentence greater than necessary.")). This health concern is true for every inmate with increased-risk medical conditions – a group that likely numbers in the tens of thousands in the Bureau of Prisons

3

alone – and does not take into account the rapid spread of Covid-19 within the community at large or the specific § 3553(a)(2) factors I am required to consider.

While I have no reason to doubt his concerns for his health, I conclude Nesbit fails to establish a further-reduced sentence[1] would not be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction (which lasted at least a decade) and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior. 18 U.S.C. § 3553(a)(1)-(2).

### III.  CONCLUSION

For these reasons, I deny Nesbit's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 105).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

[1] As I noted earlier in this Opinion, I sentenced Nesbit to 96 months in prison, a term that is 63% of the low end of his Guideline range. (*See* Doc. Nos. 69 and 80).