UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No.  3:15-cr-52

          Plaintiff,

     v.                                                      MEMORANDUM OPINION
                                                                      AND ORDER

Steve Nesbit,

          Defendant.

## I.     INTRODUCTION

Defendant Steve Nesbit has filed five motions – two motions for compassionate release,

(Doc. Nos. 113 and 120); a motion to compel the return of his property, (Doc. No. 114); a motion

for the appointment of counsel, (Doc. No. 115); and a motion for documentation and files.  (Doc.

No. 116).  The government filed briefs in opposition to each of Nesbit's motions except for his

second motion for compassionate release.  (Doc. Nos. 117, 118, and 119).  Nesbit filed a reply brief

in support of his motion to compel.  (Doc. No. 121).  For the reasons stated below, I deny Nesbit's

motions.

## II.    BACKGROUND

I previously summarized the history of this case in my opinion denying Nesbit's motion to

vacate his conviction and sentence, filed pursuant to 28 U.S.C. § 2255:

> On February 4, 2015, Nesbit was indicted on one count of receiving and distributing
> child pornography in violation of 18 U.S.C. § 2252(a)(2), ("Count 1"), and one count
> of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), ("Count

2"). (Doc. No. 1). The indictment charged that Nesbit's conduct spanned a period of approximately 11 years, from 2002 until April 2013. (*Id.*).

Approximately one month before the scheduled trial date, Nesbit's court-appointed attorney moved to withdraw, citing a breakdown in communication. (Doc. No. 25). Nesbit appeared in person for a pretrial conference and both he and his attorney agreed to proceed and to withdraw the motion to withdraw as counsel. (Doc. No. 26).

On January 21, 2016, Nesbit entered a guilty plea to Counts 1 and 2 before Magistrate Judge James R. Knepp, II. I subsequently adopted Judge Knepp's Report and Recommendation and adopted Nesbit's plea of guilty. (Doc. No. 45).

Shortly before his scheduled sentencing hearing, Nesbit filed a motion to withdraw his guilty plea and for appointment of a new attorney. (Doc. No. 50). He alleged he pled guilty only because his attorney told him his attorney "could get [Nesbit] out and get [Nesbit] points for something." (*Id.* at 1). Nesbit also asserted he needed a psychiatric examination and counseling. (*Id.* at 2).

I appointed new counsel but delayed ruling on the remainder of Nesbit's motion to allow him time to consult with his newly-appointed attorney. Several weeks later, Nesbit agreed to withdraw his motion to withdraw his guilty plea and stated his desire to proceed to sentencing "as soon as possible." (Doc. No. 54-1 at 1). I then instructed the parties to file their objections to the first disclosure of the presentence report ("PSR") and to file their sentencing memoranda within seven days after the filing of the final PSR. (Doc. No. 55). New counsel submitted objections to the writer of the PSR and filed a sentencing memorandum under seal. (*See* Doc. No. 62).

On Count 1, Nesbit faced a minimum of 5 years, and a maximum of 20 years, in prison, while Count 2 carried a maximum sentence of 10 years. (Doc. No. 69 at 1). Based upon Nesbit's total offense level of 34, and his criminal history category of I, Nesbit's Guideline range was 151 months to 188 months in prison, along with a supervised release term of 5 years to life. (*Id.* at 23).

On September 7, 2016, I held a sentencing hearing at which the parties presented arguments. I granted the government's motion to dismiss Count 2 prior to sentencing. I then sentenced Nesbit to 96 months in prison and 15 years on supervised release as to Count 1. I also ordered Nesbit to pay restitution in the amount of $2,500. (Doc. No. 79). Nesbit did not appeal his sentence.

(Doc. No. 101 at 1-3).

I denied Nesbit's § 2255 motion, concluding none of his grounds for relief had merit. (*Id.* at 6-12).

While Nesbit's § 2255 motion was pending, he filed two motions for compassionate release. (*See* Doc. Nos. 94 and 98).  Nesbit filed the first motion *pro se*, while the second was filed after I appointed counsel on Nesbit's behalf.  I denied both motions because Nesbit failed to comply with the exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 102).  Nesbit, through appointed counsel, then filed a third motion for compassionate release.  (Doc. No. 105).  I denied that motion because Nesbit had not carried his burden to show a reduced sentence would comply with the required factors set forth in 18 U.S.C. § 3553(a).[1]  (Doc. No. 108).

### III.    ANALYSIS

#### A.    MOTIONS FOR COMPASSIONATE RELEASE

As I noted, Nesbit has filed two additional motions for compassionate release.  The first was filed while Nesbit was incarcerated at FCI Milan, in Milan, Michigan, (Doc. No. 113), while the second was filed following Nesbit's transfer to a halfway house.  (Doc. No. 120).  Once again, Nesbit failed to comply with the exhaustion requirement.

Section 3582(c)(1)(A) mandates that a defendant seeking modification of his sentence must first fully exhaust all administrative remedies or wait at least 30 days after submitting a request for release to the warden before filing a motion for modification.  18 U.S.C. § 3582(c)(1)(A).  This requirement is mandatory and not subject to waiver.  *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (dismissing defendant's untimely motion because defendant filed "before waiting out a statutorily required non-adversarial window").  In these circumstances, I must dismiss Nesbit's motions without prejudice.  *Id.*

---

[1]   Nesbit mischaracterizes my ruling as denying his motion "for simply not stating what the defendant was going to do with the skills learned in prison."  (Doc. No. 113 at 2).  Instead, I ruled "Nesbit fails to establish a further-reduced sentence would not be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction (which lasted at least a decade) and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to protect the public from future criminal behavior."  (Doc. No. 108 at 4).

### B.     MOTIONS FOR COUNSEL AND DISCOVERY

Nesbit has filed two related motions.  First, he seeks the appointment of counsel to assist him with a "pending" or a "renewed" § 2255 motion.  (Doc. No. 115 at 1).  Second, Nesbit seeks an order requiring: various government agents to sign affidavits attesting to statements they previously made, or to actions they previously took; materials the government produced in discovery during Nesbit's criminal proceedings but which he claims he never received copies of from his attorney; his presentence investigation report; investigation materials from a criminal complaint filed against him in 198--- and raised by the government during Nesbit's sentencing; materials documenting his pretrial release violation; and various transcripts, victim statements, and lab results.  (Doc. No. 116 at 3-12).

The Sixth Circuit has held there is no constitutional or statutory right to appointed counsel in civil cases, but that such an appointment is within a court's discretion.  *Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *see also United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021) (noting criminal defendants have no constitutional right to counsel to assist with a § 2255 motion).  Appointment of counsel in a civil action is "a privilege justified only be exceptional circumstances."  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted).

Nesbit fails to show he is entitled to counsel.  He does not have a pending § 2255 motion; I denied that motion because Nesbit failed to show a violation of his rights under the Constitution or federal law.  (Doc. No. 101).

Further, Nesbit has not shown he has received permission to file another, or a "renewed," § 2255 motion.  When a defendant's initial § 2255 motion has been denied, the defendant may not file "[a] second or successive motion [unless the motion first is] certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).  Therefore, Nesbit fails to show there are exceptional circumstances which might warrant the appointment of counsel.

Nesbit's motion for the production of files and documents by the government fails for similar reasons.  He asserts he needs these materials "to argue against several lies and misleading allegations against Defendant, to re-file a renewed § 2255 motion, to file for a dismissal due to several constitutional rights violations, and to accurately quote the government's lies and misleading statements, to have restitution dismissed due to the court's failure to allow this Defendant to be present, and to also file motions against supervised release."  (Doc. No. 116 at 1).  He further contends he "believes" he did not receive several items he should have received, in violation of his rights, and that other files he seeks – which appear to include affidavits that Nesbit believes should be created in response to his demand – "will prove the government has lied on numerous occasions, and that those lies resulted in not only a longer sentence, but also denials [of his motions] for compassionate release."  (*Id.* at 1-2).

"Unlike a typical civil litigant, a movant seeking relief under § 2255 'is not entitled to discovery as a matter of ordinary course.'" *United States v. Atkin*, 80 F. Supp. 2d 779, 785 (N.D. Ohio 2000) (quoting *Bracy v. Gramley,* 520 U.S. 899, 904 (1997)).

> Rather, a movant may "invoke the processes of discovery under the Federal Rules of Civil Procedure if, and to the extent, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." To show "good cause," a movant must present specific allegations which give reason to believe that the movant may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.

5

*Atkin*, 80 F. Supp. 2d at 785 (quoting Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts and citing *Lynott v. Story,* 929 F.2d 228, 232 (6th Cir. 1991)).

Nesbit is even further removed from the typical scenario in which a party may be entitled to discovery.  He is not currently seeking relief under § 2255, as I denied his earlier motion for relief, and there is no indication in the record that he has sought permission to file a second § 2255 motion.  Further, it appears very unlikely that Nesbit will be granted permission to do so, because he has not identified any "newly discovered evidence" to support his claims.  28 U.S.C. § 2255(h)(1).  Instead, the documents and files he seeks all involve evidence that existed at the time of, or before, his sentencing hearing.  (*See* Doc. No. 116 at 3-14).  Therefore, I conclude he fails to show there is a basis to order production (and, in some instances, creation) of the materials sought.

### C.     MOTION FOR RETURN OF PROPERTY

Finally, Nesbit also moves to "compel" the government to comply with an order for the return of his property.  (Doc. No. 114 at 1).  "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981) (citation omitted).

Nesbit asserted I previously ordered the government "to return all property [seized] during the search warrant and use[d] during the case against Nesbit." (*Id.*).  But Nesbit's assertion does not accurately recite what occurred during his sentencing hearing.  I quote the transcript of that hearing for the sake of clarity:

> MR. GEUDTNER: Yes, Your Honor.  On behalf of Mr. Nesbit[,] I would make a motion for return of seized property.  I understand at the time the search warrant was executed there were several items of personal property that are non-pornographic in nature, to include family photos and such, that Mr. Nesbit would like to have returned to his mother if possible.
>
> THE COURT: Any problem from the government's perspective?
>
> MR. FREEMAN: No, Your Honor.

6

> THE COURT: All right.  That request will be granted.  We'll ask that the government work through the agent and with his parents to effectuate the return of property.

(Doc. No. 93 at 76).

Nesbit seizes on the government's statement that it "occasionally . . . will return property to . . . similarly situated defendants, if and only if, the child pornography can be wiped from the electronic devices ensure there is no more dissemination of such material."  (Doc. No. 117 at 3).  Nesbit complains the government "should have had no issue deleting [child pornography files from the laptop and related devices] with the computer experts the government has on hand."[2]  (Doc. No. 121 at 2).

But, as defense counsel's request suggested, the matter is not as simple as merely returning all of Nesbit's property to him.  Nesbit seeks the return of an HP laptop, as well as external hard drives and other portable digital memory devices.  (Doc. No. 114-1).  Nesbit pled guilty to knowingly receiving child pornography, and to possessing child pornography, in violation of § 2252(a).  In so doing, he admitted that he used the laptop to access peer-to-peer software through which he received and possessed child pornography.  (Doc. No. 40 at 28-38).  A person who is convicted of violating § 2252:

> shall forfeit to the United States such person's interest in . . . any visual depiction described in [§ 2252] . . . or any . . . matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this

---

[2]  Nesbit also minimizes his offense conduct, stating "there were only [4,533] still images and 394 videos, a very small number of files compared to a majority of defendants."  (Doc. No. 121 at 2).  As accurately stated in the final presentence report, for purposes of sentencing, each video is considered to contain 75 images.  (Doc. No. 75 at 15-16).  Multiplying 394 videos by 75 images each equals 29,550 images, while adding 4,533 images results in a total of 34,083 combined images.  By comparison, in 2019, defendants charged with receipt of child pornography had a median number of combined images of 4,674.  *See* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20210629_Non-Production-CP.pdf, at page 30 (last accessed October 24, 2022).  Far from possessing "a very small number of files compared to a majority of defendants," Nesbit had over seven times as many combined images as the median defendant (34,083 divided by 4,674 equals 7.29).

chapter[, and] . . . any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

18 U.S.C. § 2253(a)(1)-(3) (emphasis added).

Thus, it is immaterial that Nesbit did not sign "a forfeiture form, or authorize[] the forfeiture." (Doc. No. 121 at 2). His conviction mandated the forfeiture of any property used to commit the offenses of receipt and possession of child pornography. Defense counsel did not request, and I did not order, that the government undertake to remove any file containing child pornography from Nesbit's laptop and then return that device to him.

Further, even if counsel's request for the return of Nesbit's property "if possible" could be construed as broadly as Nesbit suggests, he fails to show Rule 41(g) permits a motion to compel the return of property which has been destroyed. *See, e.g., United States v. Droganes*, 728 F.3d 580, 589-90 (6th Cir. 2013) (holding the doctrine of sovereign immunity bars a motion for compensatory damages or sanctions "'against the government on a Rule 41(g) motion where the property cannot be returned'") (quoting *Ordonez v. United States*, 680 F.3d 1135, 1138 (9th Cir. 2012)).

Therefore, I deny Nesbit's motion to compel.

## IV.    CONCLUSION

For the reasons stated above, I deny Nesbit's motions for compassionate release for failure to exhaust his administrative remedies, (Doc. Nos. 113 and 120), and deny his motion to compel, (Doc. No. 114), his motion for the appointment of counsel, (Doc. No. 115), and his motion for documentation and files. (Doc. No. 116).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

8